UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHOU XI LI, A071-536-419,

    Petitioner,

v.

JEFF SESSIONS, Attorney General of the United States; THOMAS P. BROPHY, Field Office Director for Detention and Removal, Buffalo Field Office, Bureau of Immigration and Customs Enforcement; DEPARTMENT OF HOMELAND SECURITY; and JOE KOSON, Facility Director, Buffalo Federal Detention Facility,

    Respondents.

17-CV-453-V
DECISION AND ORDER

    The pro se petitioner, SHOU XI LI, seeks relief from his continued administrative custody and detention pending removal under 28 U.S.C. § 2241. For the reasons set forth below, the respondents' motion to dismiss is granted, and Li's petition is dismissed as moot.

    On December 5, 1994, after entering the United States without being inspected, admitted, or paroled by an immigration official, Li filed a Form I-589 requesting asylum. Docket Item 1 at ¶ 12. Because he failed to appear for his hearing, Li's request for asylum was denied on May 19, 1995. *Id.* On March 23, 1999, Li was encountered by U.S. Border Patrol agents in Jacksonville, Florida, and was served with a Form I-862 Notice to Appear. *Id.* After he again failed to appear at his hearing, Li was ordered removed from the United States to China on September 21, 1999. *Id.*

On April 27, 2010, Li was encountered by U.S. Department of Homeland Security, Immigration and Customs Enforcement in Brooklyn, New York, and was taken into custody. *Id*. Li was released from Immigration and Customs Enforcement custody on September 1, 2010, on a criminal warrant. On April 4, 2012, Li was convicted of third degree burglary and sentenced to a term of imprisonment in the New York State Department of Corrections and Community Supervision ("NYSDOCCS"). *Id*. On August 26, 2016, after he was released from NYSDOCCS custody, Li was taken into custody by Immigration and Customs Enforcement. *Id.* After he filed the instant petition challenging his continued administrative custody and detention, Li was released on conditions on June 27, 2017. *See* Docket Items 4 and 4-1.[1]

On December 11, 2017, the respondents moved to dismiss the petition as moot because Li had been released from custody pursuant to an Order of Supervision. *Id*. On September 10, 2018, at the Court's request, the respondents filed a supplemental affidavit stating that shortly after his release on conditions, Li had been removed to China on or about August 22, 2017. Docket Item 8. Accordingly, because Li now has been removed and no longer is in the custody of the United States Department of

---

[1] Because Li did not challenge his final order of removal in this Court, and because this Court would not have had jurisdiction to address such a challenge had it been brought, a stay of removal was not entered. *See* Docket Item 1; *see, e.g., Morillo v. DHS & Bice Det. Ctr.*, 2006 WL 1007645, at *1 (N.D.N.Y. Apr. 17, 2006) ("Moreover, to the extent that [p]etitioner is only seeking a stay of his removal, this Court would also be without jurisdiction to address this request."); *Aime v. DHS*, 2005 WL 1971894, *1 (W.D.N.Y. Aug. 16, 2005) ("since petitioner challenges an order of removal within the meaning of the REAL ID Act, [Section] 106(b) . . . this Court has no jurisdiction to review the merits of the petition or to stay the order of removal.").

Homeland Security, his petition is moot, the respondents' motion to dismiss the petition is granted, and the petition is dismissed.[2]

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

The petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within sixty (60) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Federal Rule of Appellate Procedure 24.

This Court DISMISSES the petition and DENIES leave to appeal as a poor person.

SO ORDERED.

Dated:  September 12, 2018
    Buffalo, New York

                                            *s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE

---

[2] *See Arthur v. DHS/ICE*, 713 F. Supp. 2d 179 (W.D.N.Y. 2010) (accepting report and recommendation) (finding petition for a writ of habeas corpus seeking release from detention pending removal to be moot upon removal of petitioner); *Masoud v. Filip*, 2009 WL 223006 (W.D.N.Y. Jan. 27, 2009) (accepting report and recommendation) (finding petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 seeking release from detention pending removal to be moot upon release of petitioner from detention pursuant to order of supervision); *see also Leybinsky v. ICE*, 553 Fed. App'x 108 (2d Cir. 2014) (summary order) (finding that petitioner's release from ICE custody pending removal following final order of removal moots petition for a writ of habeas corpus under 28 U.S.C. § 2241, and "capable of repetition but evading review" exception to mootness doctrine does not apply).